ROSETTA V. FREMBD, Appellant, *v.* JACOB MARX, Respondent.

First Department, January 16, 1942.

*Jacob Tuck,* for the appellant.

*George J. Kirschenstein* of counsel [*George G. Marx,* attorney], for the respondent.

PER CURIAM. The first defense appears to be directed to those allegations of the complaint which set forth that the defendant throughout the foreclosure proceedings represented one of the defendants therein in relation to " various matters " and that he " has appeared for him as his attorney in litigation in the courts of this State." The defense alleges that the plaintiff purchased her interest in the mortgage with knowledge that the defendant had represented that client in the past. Although we are of opinion

that the defendant was not disqualified from representing a party to the foreclosure action in other transactions by the fact that, together with the plaintiff, he owned an interest in the mortgage, the facts alleged by the defendant do not constitute a defense to any of the charges set forth in the complaint.

The second defense alleges that the plaintiff was joined as a party to the foreclosure action and that in accordance with her demand all papers in that action were served upon her attorney. It is further alleged that that action was instituted for non-payment of interest on the mortgage debt. Under these circumstances the plaintiff, who occupied in effect the position of a second mortgagee in the foreclosure proceeding, may well be estopped by that judgment from contending now that interest on the mortgage had been paid or was available.

The third and fourth defenses are directed to those allegations of the complaint which charge that the defendant violated his duty in that he failed to enter a deficiency judgment in the foreclosure action and failed to issue execution. These defenses allege in substance that the defendant secured an order in the foreclosure action directing the entry of a deficiency judgment which was served upon the attorney for the plaintiff herein, but that the plaintiff failed to take any action to procure a deficiency judgment. In view of the provision in the contract between the parties under which the plaintiff acquired her interest requiring the defendant to notify the plaintiff of any default under the mortgage, " but the party of the second part [the defendant] shall be under no other obligation to protect the interests of the party of the first part [the plaintiff] under any such suit or upon any sale under any such foreclosure," we deem these defenses to be sufficient. We may, therefore, regard as surplusage the other allegations to the effect that the plaintiff herself could have entered a deficiency judgment.

The fifth defense is insufficient and should be stricken out. It alleges that during the pendency of the foreclosure action the defendant offered to sell his interest in the mortgage to the plaintiff at a time when the parties knew of the inability of the defendants in the foreclosure action to discharge any deficiency judgment obtained against them. These facts, even if true, would not constitute a sufficient answer to any of the allegations of the complaint.

The order, so far as appealed from, should be modified by granting the motion to strike out the first and the fifth defenses, and, as so modified, affirmed, without costs.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, GLENNON and UNTERMYER, JJ.

Order, so far as appealed from, unanimously modified by granting the motion to strike out the first and the fifth defenses, and, as so modified, affirmed, without costs.